FILED
CLERK, U.S. DISTRICT COURT

FEB 27 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK TOWNSEND,<br><br>                    Petitioner,<br><br>     v.<br><br>DEBRA DEXTER, Warden,<br><br>                    Respondent.<br>_____ | NO. CV 07-6827-GAF(E)<br><br>ORDER ADOPTING FINDINGS,<br><br>CONCLUSIONS AND RECOMMENDATIONS OF<br><br>UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

1      IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

2  the Magistrate Judge's Report and Recommendation and the Judgment

3  herein by United States mail on Petitioner and counsel for

4  Respondent.

5

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8      DATED: _____, 2008.

9

10

11                     GARY A. FEESS
              UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERICK TOWNSEND, | ) | NO. CV 07-6827-GAF(E) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION OF |
| | ) | |
| DEBRA DEXTER, Warden, | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable Gary A. Feess, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

PROCEEDINGS

On October 22, 2007, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody." On December 17, 2007, Respondent filed an Answer and lodged certain documents. The Answer asserts, <u>inter alia</u>, the bar of limitations. Petitioner filed a Traverse on January 7, 2008.



1
2

## BACKGROUND

3      On January 22, 2004, in Los Angeles Superior Court, Petitioner

4 pleaded guilty to second degree robbery and admitted to having

5 sustained a prior conviction (Petition at 2). On the same date,

6 Petitioner received a fifteen-year sentence. _Id._ Petitioner did not

7 appeal. _Id._

8

9      On October 2, 2004, Petitioner reportedly presented to prison

10 officials for mailing a habeas corpus petition directed to the

11 Los Angeles Superior Court (Lodgment Document 5). That petition

12 challenged the lawfulness of the five-year sentence enhancement

13 Petitioner received for a prior felony conviction. _Id._ The Superior

14 Court denied this petition on January 3, 2005 (Lodgment Document 6).

15 Petitioner did not file any other collateral challenge to his

16 conviction or sentence until March 13, 2007, when he reportedly

17 presented to prison authorities for mailing another habeas corpus

18 petition directed to the Los Angeles Superior Court (Lodgment

19 Document 7). That petition raised for the first time a claim that

20 the trial court erred by sentencing Petitioner to a "high base" term

21 without affording Petitioner "a jury trial to determine facts in

22 aggravation . . ." _Id._ Petitioner repeats this claim in the present

23 federal Petition.

24

25                          ## DISCUSSION

26

27      The "Antiterrorism and Effective Death Penalty Act of 1996"

28 ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section

2



1  2244 to provide a one-year statute of limitations governing habeas

2  petitions filed by state prisoners:

4  (d)(1) A 1-year period of limitation shall apply to an

5  application for a writ of habeas corpus by a person in

6  custody pursuant to the judgment of a State court.  The

7  limitation period shall run from the latest of –

9  (A) the date on which the judgment became final by the

10  conclusion of direct review or the expiration of the time

11  for seeking such review;

13  (B) the date on which the impediment to filing an

14  application created by State action in violation of the

15  Constitution or laws of the United States is removed, if

16  the applicant was prevented from filing by such State

17  action;

19  (C) the date on which the constitutional right asserted was

20  initially recognized by the Supreme Court, if the right has

21  been newly recognized by the Supreme Court and made

22  retroactively applicable to cases on collateral review; or

24  (D) the date on which the factual predicate of the claim or

25  claims presented could have been discovered through the

26  exercise of due diligence.

27  ///

28  ///

3



1     (2) The time during which a properly filed application for

2     State post-conviction or other collateral review with

3     respect to the pertinent judgment or claim is pending shall

4     not be counted toward any period of limitation under this

5     subsection.

6

7     Petitioner's conviction became final on March 23, 2004, the

8  first day after the passage of 60 days following sentencing. <u>See</u>

9  former Cal. Ct. R. 30.1.[1]  Therefore, the statute of limitations began

10  to run from March 23, 2004, unless subsections B, C, or D of 28

11  U.S.C. section 2244(d)(1) furnish a later accrual date. <u>See</u>

12  <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir.), <u>cert. denied</u>,

13  534 U.S. 978 (2001).  As discussed below, no later accrual date

14  applies.

15

16     Section 2244(d)(1)(B) is inapplicable.  Petitioner has failed to

17  show that illegal conduct by the state or those acting for the state

18  actually prevented Petitioner from preparing or filing a timely

19  petition.

20

21     Section 2244(d)(1)(C) is inapplicable.  The Petition contains a

22  claim purportedly based on <u>Cunningham v. California</u>, 127 S. Ct. 856

23  (2007).  However, the Supreme Court has not "made [<u>Cunningham</u>]

24  retroactively applicable to cases on collateral review."

25  Accordingly, section 2244(d)(1)(C) does not delay the running of the

26  _____

27      [1]  As of January 1, 2007, California Rule of Court
     8.308(a) superseded former California Court Rule 30.1 with

28  regard to appeals in criminal cases.

4



statute of limitations.  <u>See</u> <u>Tyler v. Cain</u>, 533 U.S. 656, 664-68

(2001) (for purposes of second or successive motions under 28 U.S.C.

section 2255, a new rule is made retroactive to cases on collateral

review only if the Supreme Court itself holds the new rule to be

retroactive); <u>Beyett v. Yates</u>, 2007 WL 2600745 *2 (N.D. Cal.

Sept. 10, 2007) ("<u>Cunningham</u> has not been 'made retroactive to cases

on collateral review,' a requirement of subsection (C).  As a result,

the limitations period cannot be calculated from when <u>Cunningham</u> was

decided in 2007"); <u>United States v. Hopwood</u>, 122 F. Supp. 2d 1077,

1079-80 (D. Neb. 2000) ("the only pertinent inquiry [under similar

language in 28 U.S.C. § 2255] is whether the Supreme Court has made

its decision retroactively applicable to cases on collateral

review"); <u>cf.</u> <u>Hally v. Scribner</u>, 2007 WL 809710 *2 (E.D. Cal.

Mar. 15, 2007), <u>adopted by</u> 2007 WL 988066 (E.D. Cal. Apr. 2, 2007)

("<u>Cunningham</u> would not apply retroactively to convictions that were

final prior to its publication").


    Section 2244(d)(1)(D) does not furnish an accrual date later

than March 23, 2004.  Under section 2244(d)(1)(D), "[t]ime begins

when the prisoner knows (or through diligence could discover) the

important facts, not when the prisoner recognizes their legal

significance."  <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir.

2001) (citation and internal quotations omitted); <u>see</u> <u>United States</u>

<u>v. Pollard</u>, 416 F.3d 48, 55 (D.D.C. 2005), <u>cert. denied</u>, 547 U.S.

1021 (2006) (habeas petitioner's alleged "ignorance of the law until

an illuminating conversation with an attorney or fellow prisoner"

does not satisfy the requirements of section 2244(b)(1)(D)).

Petitioner plainly knew or should have known in January of 2004 the



1  "important facts" on which he bases his present claim, specifically

2  the nature of his sentence and whether he had been afforded the

3  option of a jury trial on aggravating factors.  The running of the

4  statute of limitations does not await the issuance of judicial

5  decisions that help would-be petitioners recognize the legal

6  significance of particular predicate facts.  <u>Id.</u>; <u>see Hally v.</u>

7  <u>Scribner</u>, 2007 WL 809710 *3 (E.D. Cal. Mar. 15, 2007), <u>adopted by</u>

8  2007 WL 988066 (E.D. Cal. Apr. 2, 2007).

9

10      Thus, the statute began to run from March 23, 2004.  Absent

11  tolling, therefore, the Petition is untimely.  As discussed below,

12  available tolling is insufficient to rescue the Petition from the bar

13  of limitations.

14

15      Section 2244(d)(2) tolls the statute during the pendency of

16  "a properly filed application for State post-conviction or other

17  collateral review."  The pendency of Petitioner's first Los Angeles

18  Superior Court habeas petition arguably tolled the statute from

19  October 2, 2004 through January 2, 2005.  However, these 93 days of

20  tolling are plainly insufficient to render the present Petition

21  timely.  As discussed below, no other tolling is available.

22

23      Statutory tolling is unavailable during the pendency of the

24  second Los Angeles Superior Court habeas petition, filed in 2007.  By

25  2007, the statute of limitations had long since expired.  The filing

26  of a state petition after the expiration of the statute cannot toll

27  the statute.  <u>See Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th

28  Cir.), <u>cert. denied</u>, 540 U.S. 924 (2003) ("section 2244(d) does not

6



1 permit the reinitiation of the limitations period that has ended

2 before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478,

3 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003) (filing of

4 state habeas petition "well after the AEDPA statute of limitations

5 ended" does not affect the limitations bar); Webster v. Moore, 199

6 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000) ("[a]

7 state-court petition . . . that is filed following the expiration of

8 the limitations period cannot toll that period because there is no

9 period remaining to be tolled"); see also Nino v. Galaza, 183 F.3d

10 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000)

11 (statute of limitations is not tolled between conviction's finality

12 and the filing of the first state collateral challenge).

13

14       Statutory tolling is unavailable for the period between the

15 Superior Court's denial of Petitioner's first habeas petition and the

16 filing of Petitioner's second Superior Court habeas petition.  The

17 statute of limitations sometimes may be tolled during intervals

18 between progressive filings of habeas petitions at ascending levels

19 in the state court hierarchy.  See, e.g., Nino v. Galaza, 183 F.3d

20 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000).  In

21 the present case, however, Petitioner filed his initial collateral

22 challenge in the Superior Court and, after denial, filed a wholly

23 different collateral challenge in the same court.  The rule of Nino

24 does not permit tolling during intervals between successive filings

25 of different petitions in the same court.  See Hemmerle v. Schriro,

26 495 F.3d 1069, 1076 (9th Cir. 2007) (no tolling accorded for interval

27 between the denial of one petition and the filing of another petition

28 that stated factually distinct claims for the first time); Welch v.



7

Carey, 350 F.3d 1079, 1082-84 (9th Cir. 2003), cert. denied, 541 U.S. 1078 (2004) (interval tolling denied where the grounds of the second state habeas petition were different from the grounds of the first state habeas petition); King v. Roe, 340 F.3d 821, 822 (9th Cir. 2003) (no tolling accorded for interval between the denial of one petition and the filing of a distinct petition); Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2001) (no tolling accorded for interval between the denial of a California Supreme Court habeas petition and filing of a subsequent habeas petition in the Superior Court); Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (no tolling accorded for interval between successive habeas petitions filed in the same state court); Foley v. Cambra, 2002 WL 31855342 *2 (N.D. Cal. Dec. 10, 2002) (no tolling between the denial of a Superior Court habeas petition and the filing of another Superior Court habeas petition); see also Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134, 2140 (2002) ("California's system functions in ways sufficiently like other state systems of collateral review to bring intervals between a lower court decision and a filing of a new petition in a higher court within the scope of the statutory word 'pending'") (emphasis added).

The Ninth Circuit permits equitable tolling of the statute of limitations "if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted); see also Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that equitable tolling could apply to habeas statute of limitations set forth in 28 U.S.C. section 2244(d)); Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) (same). "Generally, a



1  litigant seeking equitable tolling bears the burden of establishing

2  two elements: (1) that he has been pursuing his claims diligently,

3  and (2) that some extraordinary circumstance stood in his way." Pace

4  v. DiGuglielmo, 544 U.S. at 418 (citation omitted); see also Lawrence

5  v. Florida, 127 S. Ct. at 1085.  Petitioner does not contend he is

6  entitled to equitable tolling and does not allege any basis for

7  equitable tolling.  No basis for equitable tolling appears in the

8  record.

9

10      Accordingly, the statute of limitations bars the present

11  Petition.  The statute began to run from March 23, 2004, and ran

12  continuously until at least October 2, 2004.  The statute resumed

13  running after January 2, 2005, and expired years before the filing of

14  the present Petition.

15

16                          **RECOMMENDATION**

17

18      For all of the foregoing reasons, IT IS RECOMMENDED that the

19  Court issue an Order: (1) approving and adopting this Report

20  and Recommendation; and (2) directing that Judgment be entered

21  denying and dismissing the Petition with prejudice.

22

23          DATED:  January 15, 2008.

24

25                          _____/S/_____

26                              CHARLES F. EICK
                             UNITED STATES MAGISTRATE JUDGE

27

28



9

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.